IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

**ELISA C., et al., persons with developmental disabilities, by LA FAMILIA, INC., their guardian,**

   Plaintiffs,

v.               No. CIV 05--209 BB/WDS

**NEW MEXICO DEPARTMENT OF HEALTH, et al.,**

   Defendants.

## MEMORANDUM OPINION

   THIS MATTER is before the Court on Plaintiffs' Motion to Remand (Doc. 19). The Court has reviewed the submissions of the parties and the relevant law. For the reasons set forth below, the Court finds Plaintiffs' Motion is well-taken and should be GRANTED.

### BACKGROUND

   This case was initially filed in state court on September 18, 2003 alleging that Defendants (including ten "John Does") violated Plaintiffs' civil rights. On October 22, 2003, Defendants removed to federal court based on federal question jurisdiction. (No. 03cv1219, Notice of Removal, Doc. 1.) That removal was defective (Defendants lacked unanimity) and the case was remanded on December 29, 2003. (Id., Stipulated Order of Remand, Doc. 13.)

After this initial remand, the parties proceeded with discovery in state court.[1] As a result of that discovery, Plaintiffs were able to, (1) identify eight of the ten John Doe defendants, (2) refine some of their factual allegations, and (3) consolidate some of their claims. (Pltfs. Remand Memo., Doc. 20.) Plaintiffs filed an amended complaint February 15, 2005 to reflect that discovery. While the First Amended Complaint (FAC) identified the new defendants, it did not identify any new grounds for removal, as it continued to raise violations of Plaintiffs' civil rights. On February 24, 2005, Defendants removed the case a second time. (Notice of Removal, Doc. 1.) On March 18, 2005, Plaintiffs moved for remand. (Doc. 19.)

## DISCUSSION

The procedure for removing a case to federal court is found in 28 U.S.C.A. § 1446(b) (2000):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, or other paper from which it may first be ascertained that the case is

---

[1] In addition to discovery, Defendant state agencies moved the state court for judgment on the pleadings for three counts.

>one which is or has become removable except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

This statute is ambiguous because it is not clear when the thirty day removal period begins if there are multiple defendants served at different times. Treatises and courts are divided; one prominent treatise argues that the period should begin when the first defendant is served (first defendant served rule), another argues that the period should apply individually to each defendant whenever served (last defendant served rule). Compare, 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3732 at 336-39 (3d ed. 1998) (noting that the first served rule deprives later served defendants of an opportunity to persuade the other defendants to remove) with 16 James Wm. Moore, et al., Moore's Federal Practice § 107.30[3][a] (3d ed. 1997) (noting the benefits of settling the question of where a case will be litigated as early as possible).

The first defendant served rule has traditionally held sway, justified by strict construction against removal, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941), and a preference for early resolution of where the case should be litigated, Cellport Systems, Inc. v. Peiker Acustic GMBH & Co. KG, 335 F.Supp.2d 1131, 1133 (D. Colo. 2004). Also see, Brown v. Demco, Inc., 792 F.2d 478, 481-82 (5th Cir. 1986). This rule has been adopted and consistently applied in this Court. Carlton v. City of Albuquerque, 03cv1018 MV/RLP, January 30, 2004; Meraz v.

Lee, 03cv424 WJ/KBM, June 17, 2003; Starko, Inc. v. New Mexico Human Services Dep't, JP/WWD, June 21, 2001; Foote v. County of Bernalillo, 99cv1434 PK/RLP, January 25, 2000.

The "last served defendant" rule has, however, earned new converts since the Supreme Court held that the thirty day period in the general removal statute, § 1446(b), begins to run when a defendant is actually served, not when a defendant merely learns of a suit through informal channels. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). Some courts have concluded that it is a natural implication of the Murphy holding that a defendant cannot lose the right to remove until thirty days after the defendant is actually served. Thus, these courts conclude that the last defendant served rule must be correct. See, e.g., Marano, 254 F.3d at 757; Orlick v. J.D. Carton & Son, Inc., 144 F.Supp.2d 337, 343 (D.N.J. 2001).

Other courts have rejected this implication, see, e.g., Smola v. Trumbull Ins. Co., 317 F.Supp.2d 1232, 1232-33 (D. Colo. 2004), reasoning that the Murphy Court did not consider issues that arise with multiple defendants because the Court had only one defendant before it. As explained in Smola, two important issues arise with multiple defendants. If each defendant has a right to remove that begins upon service, a case could be removed after it had proceeded for years in state court. This is a waste of judicial resources. Smola, 317 F.Supp.2d at 1233; Brown, 792 F.2d at

482.[2]  In addition, the first defendant served rule is more consistent with construing removal narrowly because of the presumption against removal. Smola, 317 F.Supp.2d at 1233.

In cases with multiple defendants, no single defendant has the unfettered "right" to remove that the sole defendant in Murphy had; if any defendant refuses to join a removal petition, the removal "right" of other defendants is thereby defeated. Cornwall v. Robinson, 654 F.2d 685, 686 (1981). Thus, starting the thirty day removal period when the first defendant is served may not deprive subsequently added defendants of a "right." Moreover, the last defendant served rule would allow the early defendants to "sample" the rulings of the state forum and then remove if they perceived a federal forum might be better.[3]  Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994).  These issues were not, of course, confronted by the Court in Murphy.  For these reasons, this Court concludes that the Murphy holding is inapplicable to cases with multiple defendants.

---

[2]Furthermore, the Murphy Court explained that Congressional intent in the first paragraph of § 1446(b) was to give a defendant adequate time to decide to remove at the inception of a lawsuit regardless of state service procedures.  526 U.S. at 352. Thus, the Court was expressly not considering the removal rights of defendants added years after the inception of a lawsuit.

[3]In fact, such a scenario appears to have occurred in the present action.  The existing state Defendants filed two motions for judgment on the pleadings in state court.

**Defendants have argued that special rules should apply when additional defendants are added to a lawsuit. (Dfdts. Resp. at 5.) Past precedents of this Court argue otherwise. <u>Carlton v. City of Albuquerque</u>, 03cv1018 MV/RLP, January 30, 2004 (holding that new defendants or facts would not support a second removal petition unless they created a basis for removal that did not previously exist); <u>Meraz v. Lee</u>, 03cv424 WJ/KBM, June 17, 2003 (although new defendant added later, thirty days ran from service of first defendant); <u>Starko, Inc. v. New Mexico Human Services Dep't</u>, JP/WWD, June 21, 2001 (holding that adding new defendants and amending complaint did not justify removal unless the amendment so changed the character of the lawsuit that it began an entirely new case).**

**Defendants also argue that Tenth Circuit precedent would permit removal under these circumstances, <u>citing</u> <u>O'Bryan v. Chandler</u>, 496 F.2d 403 (10th Cir. 1974). (Dfdts. Resp. at 11.) This is incorrect. <u>O'Bryan</u> holds that when a case was initially remanded because it was unremovable and it was then amended to add a new ground for removal, a second petition for removal could be granted.**

**Unlike <u>O'Bryan</u>, this case was initially removable. (Case No. 03cv1219, Notice of Removal.) The case here was remanded because of procedural deficiencies (defendants failed to remove unanimously). Thus, <u>O'Bryan</u> is factually distinguishable. Also unlike <u>O'Bryan</u>, the amended complaint here did not state a new ground for removal. Changes in Plaintiffs' complaint merely flesh out the**

**existing claims and add parties identified through discovery. Both the first and second removals were based on federal question jurisdiction.[4] Defendants' second Notice of Removal is not saved by <u>O'Bryan</u> and this case will be remanded. <u>Also see</u>, <u>Foote v. County of Bernalillo</u>, 99cv1434 PK/RLP, January 25, 2000 at 3 (holding that when additional claims arise from the same set of operative facts they will not support a second removal).**

**Attorneys' Fees**

**Plaintiffs have moved for an award of attorneys' fees necessitated by this second removal. A court is authorized to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c) (2000). The decision to award attorneys' fees is discretionary. <u>Suder v. Blue Circle, Inc.</u>, 116 F.3d 1351, 1352-53 n.3 (10th Cir. 1997). The key factor in determining whether attorneys' fees and costs should be awarded is whether the removal was improper <u>ab</u> <u>initio</u>. <u>Id.</u> The district court does not have to find bad faith to award fees. <u>Topeka Housing Authority v. Johnson</u>, 404 F.3d 1245, 1248 (10th Cir. 2005); <u>Excell, Inc. v. Sterling Boiler & Mechanical, Inc.</u>, 106 F.3d 318, 322 (10th Cir. 1997). However, the Court may consider whether a defendant acted with**

---

[4]The second Notice of Removal does cite two new statutes as grounds for removal, 28 U.S.C.A. §§ 1343(a)(3) (2000) (jurisdiction over civil rights cases) and 1367 (supplemental jurisdiction) (2000). While these statutes were not cited in the first Notice of Removal, Plaintiffs' complaint raises no new grounds under these statutes that were not present in the initial complaint.

7

good faith and had a fair basis for removing the case.  <u>Daleske v. Fairfield Communities, Inc.</u>, 17 F.3d 321, 324 (10th Cir. 1994).

The Court declines to award attorneys' fees here.  There was no Tenth Circuit precedent squarely on point, <u>Suder</u>, 116 F.3d at 1352; <u>Excell, Inc.</u>, 106 F.3d at 322, and Defendants had a legitimate argument for removal based on <u>Murphy</u>.  526 U.S. 344; <u>Daleske</u>, 17 F.3d at 324.

## CONCLUSION

The Court finds that this case should be remanded because the thirty day period for removal began when the first defendant was served and the subsequently added defendants did not have a right to remove.  The amended complaint did not state a new ground for removal justifying a second removal petition.  Attorneys' fees are not justified.

DATED at Albuquerque this 28th day of June, 2005.

BRUCE D. BLACK
United States District Judge

For Plaintiff:
    Charles R. Peifer and Robert E. Hanson
    P.O. Box 25245
    Albuquerque, NM  87125-0245

    Peter Cubra
    122 Tulane SE
    Albuquerque, NM  87106

    **Nancy Simmons**
    **The Law Offices of Nancy L. Simmons, PC**
    **122 Tulane SE**
    **Albuquerque, NM  87106**

**For Defendant:**
    **Jerry A. Walz**
    **Walz and Associates**
    **12009 Highway 14 N.**
    **Cedar Crest, NM  87008--9405**

    **Josh A. Harris**
    **Beall & Biehler PA**
    **6715 Academy Rd. NE**
    **Albuquerque, NM  87109-3365**

    **Mark A. Basham**
    **Basham & Basham PC**
    **P.O. Box 9870**
    **Santa Fe, NM  87504-9870**

    **Elizabeth L. German**
    **Brown & German**
    **3909 Juan Tabo Blvd NE, Suite 2**
    **Albuquerque, NM  87111**

    **Stephen G. French**
    **Robert Becker**
    **French & Associates PC**
    **500 Marquette NW #500**
    **Albuquerque, NM  87102-5302**

    **Kathleen M. Mixon**
    **Meena H. Allen**
    **Simone, Roberts & Weiss, PA**
    **8102 Menaul Blvd. NE**
    **Albuquerque, NM  87110**

**Dale R. Rugge**
**Brian A. Thomas**
**Jeffries, Rugge & Rosales, PC**
**901 Rio Grande Blvd NW, #G-250**
**Albuquerque, NM  87104**

**George C. Kraehe**
**Gilkey & Stephenson, PA**
**P.O. Box 25566**
**Albuquerque, NM  87125-0566**